OPINION of the Court, by
Ch. J. Boyle.
Par-berry being entitled to a settlement and pre-emption, sold and transferred his rightof pre-emption to Harvis-ton, who obtained therefor a patent from the commonWealth. Harviston afterwards resold the pre-emption to Parberry, and authorised an agent to convey. Par- *108 Jjefry then sold to several persons and made separate conveyances to each of them, some of whom have since sold and conveyed toothers, and they again to others. After many years possession, it being discovered that Harviston’s agent had not conveyed to Parberry, the holder of the land, together with some of the intermediate purchasers, filed a bill against Harviston and the heirs of Parberry, to obtain a conveyance from Harvis-ton to each °f those who are entitled Harviston and Parberry’s heirs failing to appear and answer, the bill wa<5 taken for confessed, and the cause set for hearing, . , ' r it»* 51-At a subsequent term riarviston and raroerry s heirs appeared by their attorney, and filed their petition, sug-resting that they wire citizens of the state of Virginia, ar>d pravmg lora removal ot the cause to the circuit of the U lite 1 States tor the district of Kentucky, p¿n;i¡¡ig the consideration of the application to remove the cause, the complainants filed an amendment to their bill, making the heirs of some of the other intermediate purchasers, who were not complainants, defendants, and r . , , r . , praying a decree o\;er against them lor an indemnity in case a conveyance could not be obtained from Harvis-ton, for such portions of the land as they had sold, These defendants being citizens of this state, the court refused the anplication to remove the cause to the fede-raj court> Harviston and Parberry still failing to answer, and the other defendants having answered and admitted the truth of the complainants’ bill, the cause came on for a final hearing, and the court decreed that Harviston should convey with warranty from him and his heirs to those respectively entitled, and that Par-berry’s heirs and the other defendants should be barred, anc> precluded from setting up any claim thereto,
Proceedings denAreirswhofe names are unknown,regular,
to Aremove°na caufe commen-cedana circuit «ourt to the court of the U . States, can "be iuftamed only the plaintiffs have jhip in theiame one of the defendants.
Amendments, to add proper parties, arene-ver too late ^161°°“⅛ the caufe.
The claim furplusjand bounds ofdeeds muft be found, an e" from circ"mS ftances dehors the deeds.
mediate pur. chafers of land, m a bill filed to obtain con-▼eyances, muft ?>e made parties
To this decree a writ of error was sued out in the names 0f Harviston and Parberry’s heirs, but Harvis-r , • r « ¶ ton refusing to prosecute the writ ot error, a judgment of severance was awarded, and Parberry’s heirs allowed to proceed alone, and Harviston has since by his agent come into court and acknowledged a release of errors.
In this situation the cause has come on for a hearing in this court. Various objections are taken to the proceedings and decree in this case. We shall consider such of them as are deemed material aod most relied on.
*109 ,1st. It is contended that the complainants, claiming distinct parcels of land under different contracts, could not join in a bill to obtain a conveyance therefor.
In'general, it is certainly true that several persons, having distinct and independent rights, cannot join in the same suit to assert their rights ; and had Parberry’s heirs been the only persons against whom relief in this instance was sought, the rule would have applied with all its force in the present case. But relief is primarily and principally sought against Harviston, whose contract with Parberry forms a common medium through which the rights of all the complainants are derived, and upon which they all depend. The conveyances from Parberry, though they will operate to rebut any claim set up by him or his heirs at law, have not in fact transferred the legal title ; for the legal title not being in him, he could not transfer it. Tine deeds of conveyance, however, operate as an assignment ol Parberry’s equity in the contract he had made with Harviston; but he ought not to be permitted by an assignment in equity, of distinct parcels to different persons, to subject Harviston to many suits upon one entire contract. Of such a course of procedure Harviston might have justly complained. It is evident that by partial assignments of a contract assignable at law, the party bound by sucl\ contract cannot be made liable to as many suits at law as there may be partial assignments : and the reason against such a mode of proceeding is much more cogent in a court of equity, one ground of whose jurisdiction is bottomed upon the principle of preventing multiplied ty of suits and circuity of action.
2d. It is objected that the proceeding against Par-berry’s heirs, without naming them, is erroneous. It is sufficient on this point to observe, that the bill alleges that their names were unknown ; and the act of assembly of 1802, as was decided at this term in the case of Johnson and Henderson's heirs vs. Rankin, (ante 86) justifies in such a case that mode of proceeding. Bat the heirs of Parberry having in this case actually enter-id their appearance, if the proceedings had in this respect been otherwise defective, they are, fre apprehend, thereby cured.
3d. It is objected that the court erred in not sustaining the application to remove the cause to the circuit court for the United States.
*110 According to the doctrine established bv the repeat-? ed decisions of the supreme court of the United S ates, it is only where all the persons on one aide are citiz ns of states different from those on the other side, that the federal courts have jurisdiction. In this case, by the amendment to the bill, citizens of this state were made defendants ; and consequently, if that amendment were pr>p ;r, the court of the United States could not have exercised jurisdiction over the case. That the amendment was proper, we have no doubt, whether regard be had to the time, manner or matter cf the amendment. With respect to the time, wherever persons who ought to nave been made parties, are not sued, the bill may be amended at any time, even after the cause is set for hearing, so as to make such persons parties. Nav it has been uniformly decided by this court, where a final decree has been given for the complainant, and the decree reversed for want of proper parties, that the bill, after the cause was remanded, might be amended by adding such parties. V/ith respect to the manner, it was done without any application to the court; but as the answers of the defendants were not filed, the act of assembly of 1802, (3 Litt. 20) authorised theamendment without application to, or leave given by the court for that purpose. And as to the matter of the amendment, it was clearly proper: for according to the well settled doctrine of this court, as well as of the English authorities, wherever the claim of the complainant is of an equitable nature, and derived through a contract made with another, that other should be made a party to a bill brought to assert that right.
4th. It is objected that the court erred in decreeing to several of the complainants more land than the quantity specified in their deeds, from Parberry to them, or those under whom they claim.
It does not appear that the decree has given to the complainants other land than that contained in the deeds of conveyance from Parberry ; and although there is a surplus within the boundaries of those deeds, Parberry or his heirs can have no claim at law to such surplus ; for, as was before suggested, the deeds will always rebut such claiml Their claim, therefore, (if any they have) to the surplus, or a compensation therefor, must be founded upon an equity arising from circumstances *111 dehors the deeds ; and if they assert at any time such equity, it will be competent for the complainants to repel it by pi ocf of circumstances in like manner dehors the deeds. But unless Parberry’s heirs had asserted their claim, it could not be necessary for the complainants to adduce proof for the purpose of destroying it.
5th. It is objected that all the intermediate purchasers were not made parties.
It appears that Jonathan Long and George Bruner, through whom some of the complainants derive their right, are not made parties, either complainants or defendants. Unless they had been made parties they cannot be bound by the decree, nor prevented from denying that they have sold, and asserting their claim hereafter. It was necessary, then fore, to quiet their claims and put an end to litigation with respect to the subject matter of controversy, that they should have been made parties ; and on this ground the detrte is erroneous.
Decree reversed, and cause remanded, that the complainants may amend, &c.